## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| CHARTER SENIOR LIVING, LLC, | ) ) | **AND JURY DEMAND** |
| Defendant. | ) ) ) ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Nicole Woods. As alleged with greater particularity in paragraph 13 below, the Commission alleges that Defendant, Charter Senior Living, LLC, violated the Americans with Disabilities Act by discharging Woods because of her disability.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant, Charter Senior Living, LLC (the "Employer"), has continuously been a corporation doing business in the

State of Ohio and the City of Sylvania and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

<u>ADMINISTRATIVE PROCEDURES</u>

7.     More than thirty days prior to the institution of this lawsuit, Nicole Woods filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8.     On October 16, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11.     On December 22, 2020, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

13.     In August and September 2019, Defendant Employer engaged in unlawful employment practices at its Sylvania, Ohio location in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

    a.     Nicole Woods is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Defendant regarded Woods as having a disability by subjecting her to an adverse employment action,

4

discharge, because of nerve damage to her right hand, a physical impairment.

b.   In May 2019, Woods applied to work for Defendant as a nursing assistant or caregiver.

c.   Approximately two months later, on July 30, 2019, Defendant offered Woods a position contingent upon the completion of a physical fitness assessment.

d.   Woods successfully completed the physical fitness assessment the following day and started working for Defendant as a nursing assistant.

e.   Woods worked without incident until Defendant's newly hired director asked to shake her hand when he met her. When Woods held out her left hand, the director informed her that he only shook a person's right hand. At that point, she informed him that she had nerve damage in her right hand.

f.   As a result of this conversation, Defendant told Woods she could no longer work until she completed a second physical assessment.

g.     When Woods completed her second physical assessment on or about September 5, 2019, the medical examiner concluded that Woods met the standards set forth in the physical assessment form, but the examiner declined to pass Woods unconditionally.

h.     Despite Woods's meeting the standards of the physical examination and not having any difficulty performing her job, Defendant would not let Woods return to work.

i.     Defendant violated the ADA by discharging Woods because of her physical impairment.

14.   The unlawful employment practices complained of in paragraph 13 above were intentional.

15.   The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Woods.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Commission respectfully requests that this Court:

6

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating the employment of qualified employees because they have disabilities or because they are regarded as disabled.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Woods whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.     Order Defendant Employer to make whole Woods by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above in amounts to be determined at trial.

7

E.     Order Defendant Employer to make whole Woods by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

F.     Order Defendant Employer to pay Woods punitive damages for its malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel

LISA MORELLI
Acting Associate General Counsel

KENNETH L. BIRD
Regional Attorney

OMAR WEAVER
Supervisory Trial Attorney


Dated: March 31, 2021           s/ Nedra Campbell
                                NEDRA D. CAMPBELL (P58768)
                                Trial Attorney
                                DETROIT FIELD OFFICE
                                Patrick V. McNamara Federal
                                477 Michigan Ave, Room 865
                                Detroit, Michigan 48226
                                (313) 226-3410
                                nedra.campbell@eeoc.gov