IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 3:21-cv-00708<br>) Hon. James R. Knepp, II |
| v. | ) Magistrate Judge: Darrell A. Clay<br>) |
| CHARTER SENIOR LIVING, LLC. | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

_____/

KENNETH L. BIRD
OMAR WEAVER (P58861)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 774-0039
Nedra.campbell@eeoc.gov

PATRICIA PRYOR
JACKSON LEWIS, P.C.
Counsel for Defendant
PNC Center 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
(513) 322 5035
patricia.pryor@jacksonlewis.com

_____/

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "EEOC" or the "Commission") instituted this action against the Defendant, Charter Senior Living, LLC (the "Defendant") pursuant to Title I of the Americans with Disabilities Act ("ADA") of 1990 and Title I of the Civil Rights Act of 1991 alleging unlawful employment practices based on disability and to provide relief to the Charging Party, Nicole Woods.

Defendant filed an answer denying the material allegations of the Commission's Complaint. In the interest of resolving this matter and as a result of having engaged in a court-ordered Settlement Conference, the Commission and Defendant agree that this action should be fully and finally resolved by entry of this Consent Decree.

This Consent Decree shall be a final and binding settlement in full disposition of all claims raised in the complaint filed by the Commission in Case No. 3:21-cv-00708. Neither the Commission nor Defendant admit to the claims or defenses of the other party. It is therefore the finding of this Court, made on the pleadings and record as a whole, that: 1) the Court has jurisdiction over the parties and subject matter of this action; 2) the purpose and provisions of the ADA will be promoted and effectuated by entry of this Consent Decree; and 3) this Consent Decree resolves all issues raised by the Commission's complaint in this case as provided below. It is hereby ORDERED, ADJUDGED AND DECREED:

## **MONETARY RELIEF**

1. Within twenty-one days from entry of this Consent Decree, Defendant shall pay Nicole Woods the total sum of $31,750. Of this monetary payment, $11,520 shall be considered back pay, and $20,230 shall be considered compensatory damages. The amount designated as back pay shall be subject to any required tax withholdings and deductions, and Defendant shall issue a W-2 to Woods for this amount. Defendant will issue a 1099-MISC for the remaining amount, in the ordinary course of business, and will not deduct taxes or withholdings from the remaining amount. Defendant shall send these payments to Nicole Woods at the address identified on last her W-4 for Defendant.

A copy of each check shall be e-mailed to Kenneth L. Bird, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 and shall also be sent via email to monitoring-eeoc-indo@eeoc.gov.

## NON-DISCRIMINATION

2. Defendant and its officers, agents, employees, and successors are enjoined from discharging an employee because it believes s/he is disabled without conducting an individualized inquiry to determine whether the employee can perform the essential functions of her or his position with or without a reasonable accommodation.

## TRAINING

3. Within thirty (30) days after the Consent Decree has been entered by the Court, Defendant shall provide mandatory training to all employees at the location where Woods worked, including its supervisors, managers, and human resources personnel. This training will focus on the requirements of the Americans with Disabilities Act of 1990, as amended. In addition, during the duration of this Consent Decree, this training shall be provided to each new employee at this location within thirty (30) days of being hired.

4. The training will include information regarding the meaning of an individual with a "disability" under the ADA, the Defendant's duty to make decisions based on qualifications rather than myths, fears and stereotypes about a person's disability, the duty to provide reasonable accommodations to qualified individuals with disabilities, and the duty to make an individualized assessment of any qualified individual with a disability to determine whether the employee can perform the

essential functions of a job with or without a reasonable accommodation.

5. Within 30 days after each annual mandatory training program, Defendant will provide the Commission with a certification that all of the employees, supervisors, managers and human resources personnel at this location have been trained. This information shall be provided to Kenneth L. Bird, Regional Attorney, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 via e-mail and shall also be sent via email to monitoring-eeoc-indo@eeoc.gov.

## NOTICE POSTING

6. Defendant shall post the Notice attached as Attachment B in a conspicuous place where employees' notices are posted within 30 days after entry of this Consent Decree. This Notice shall be posted throughout the term of this Consent Decree. Written confirmation that the Notice has been posted shall be e-mailed to Kenneth L. Bird, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 and shall also be sent via email to monitoring-eeoc-indo@eeoc.gov. Should the notice become defaced, marred or otherwise made unreadable, Defendant will post a readable copy of the Notice in the same manner as soon as practicable.

## REPORTING

7. Within thirty (30) days of entry of this Decree, Defendant shall provide written verification that it has posted the notice attached as Attachment A as required in paragraph 6 above.

8. For the duration of this Consent Decree, Defendant shall maintain a

record of each applicant or employee at the location where Woods worked with a visible impairment or who informs Defendant that s/he is disabled. For each applicant, the record shall include each individual's name, address, telephone number, the status of the applicant's application (e.g., hired, declined, and reason(s) for non-hire if applicable), and the name and job title of each decision maker. For each employee with a visible impairment or who informs Defendant that s/he is disabled, the record shall include each individual's name, address, telephone number, the status of the employee (e.g., current employee, former employee), and the name and job title of each decision maker if the employee was discharged.

9. Within six (6) months of entry of this Consent Decree, Defendant shall provide the Commission with a copy of this record. Defendant shall continue to provide a copy of this record on a semi-annual basis every six (6) months for the duration of the Consent Decree. If no individual meeting the above criteria exists, then Defendant shall also indicate this to the Commission. This information shall be provided to Kenneth L. Bird, Regional Attorney, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 via regular e-mail and shall also be sent via email to monitoring-eeoc-indo@eeoc.gov.

## DISPUTE RESOLUTION AND COMPLIANCE

10. If the Commission, during the term of this Decree, believes that Defendant has failed to comply with any provision(s) of the Decree, the Commission shall notify Defendant of the alleged noncompliance and shall afford Defendant ten (10) business days to remedy the noncompliance or satisfy the Commission that Defendant had

complied. If within ten (10) business days Defendant has not remedied the alleged noncompliance or satisfied the Commission that it has complied, the Commission may apply directly to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

11. The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Consent Decree. Upon motion of the Commission, the Court may schedule a hearing for the purpose of considering allegations of non-compliance with this Consent Decree. The parties shall engage in a good-faith effort to resolve any dispute as to compliance prior to seeking review by the Court

12. The Commission may review compliance with this Decree. As part of such review, the Commission may interview Defendant's employees, and examine and copy Defendant's documents which are pertinent to the Commission's allegations of non-compliance.

13. In the event the Court determines that Defendant has not complied, the Court may order appropriate relief, including an extension of the Decree for the time necessary to remedy non-compliance, an award of attorney's fees and costs, and an award of fines for contempt of court.

### DURATION

14. This Consent Decree shall expire within three (3) years without further action by the Parties.

### MISCELLANEOUS

15. Each party shall bear its costs and attorney's fees incurred as a result of this action.

16. If any provision of this Consent Decree is found to be unenforceable by a Court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force.

17. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Defendant. Before selling any or all of the business, Defendant shall notify all potential buyers and bidders of this Decree and its terms. Among other things, the notice shall include a copy of this Decree.

18. Any modifications to this Consent Decree must be approved by the Court.

19. The Court shall retain jurisdiction of this case through the term of the Consent Decree.

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CHARTER SENIOR LIVING, LLC |
|---|---|
| /s/ Nedra Campbell<br>NEDRA CAMPBELL (P58768)<br>Patrick V. McNamara Federal Bldg.<br>477 Michigan Ave, Room 865<br>Detroit, Michigan 48226<br>(313) 774-0039<br>Nedra.Campbell@eeoc.gov<br>Dated: January 10, 2022 | /s/ Patricia Pryor<br>PATRICIA PRYOR<br>Jackson Lewis, P.C.<br>PNC Center, 26th Floor<br>201 East Fifth Street<br>Cincinnati, OH 45202<br>(513) 322-5035<br>patricia.pryor@jacksonlewis.com<br>Trial Attorney for Defendant<br>Dated: January 10, 2022 |

**IT IS SO ORDERED**:

Date:   1/13/2022

Hon. James R. Knepp, II
United States District Judge